IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLAMEKUS JOHNSON                                                                               PLAINTIFF

VS.                                                                CIVIL ACTION NO. 3:24-cv-380-KHJ-MTP

CITY OF PEARL, MISSISSIPPI, CHIEF
DEAN SCOTT, In His Individual and Official
Capacity, OFFICER JAMES R. STOVALL, In
His Individual and Official Capacity,
SERGEANT GREENE, In His Individual and
Official Capacity, JOHN DOES 1-5, In Their
Individual and Official Capacities                                                          DEFENDANTS

## ANSWER AND DEFENSES OF DEFENDANTS DEAN SCOTT, JAMES STOVALL, AND JIMMY GREENE

Defendants Dean Scott, James Stovall, and Jimmy Greene file their Answer and Defenses to the Complaint, as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff did not exhaust his administrative remedies under federal or state law for some or all of his allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

{D2343210.1}

**FOURTH AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity in their individual capacities. More specifically, the Complaint fails to allege a violation of a clearly established constitutional right and, at all times, Defendants' conduct was objectively reasonable under the circumstances.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants did not exceed the requirements of law and due care and are not guilty of acts or omissions which either caused or contributed to the incident in question.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times, Defendants were acting within the course and scope of their employment and, therefore, cannot be held liable in their individual capacities under state law.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times, Defendants were acting within the course and scope of their employment and at all times material to the allegations of the Complaint, their actions were in good faith, without malice, and within the course and scope of their employment.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state court claims are concerned. Defendants invoke the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## TENTH AFFIRMATIVE DEFEENSE

Plaintiff's Complaint fails to state facts against the Defendants which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## ELEVENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

The injuries/damages allegedly sustained by Plaintiff are the direct proximate result of his own conduct for which he is responsible to the exclusion of Defendants, or the actions of a third party for whom the Defendants are not responsible and, therefore, the Complaint should be dismissed. Defendants invoke all applicable contribution and comparative fault principles.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of good faith and/or honest belief.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert the right to rely upon any after-acquired evidence.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to comply with his duty to mitigate his request for damages, his entitlement to which is expressly denied, such damages must be reduced.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants possess sovereign, absolute, qualified, and/or MTCA immunity from suit and/or liability and/or damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks special damages, such damages have not been specifically stated.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants plead all damages caps, including statutory caps and those applicable to requests for compensatory and punitive damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants plead the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey,* 512 U.S. 477 (1994).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit, and no right to a jury trial.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent an adequate state remedy was available and Plaintiffs failed to avail themselves of such remedy, this action may not be cognizable under § 1983.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants reserve all available defenses under Fed. R. Civ. P. 8(c) and 12.

### ANSWER

Without waiving any affirmative defenses, and reserving the right to aset further affirmative defenses as they become evident through discovery or further investigation, Defendants responds to the complaint as follows:

The first unnumbered paragraph beginning with, "COMES NOW, Clamekus Johnson,.." does not appear to require a response, but, to the extent a response is required, Defendants deny all allegations of the paragraph except to admit that Plaintiff filed this lawsuit.

## PARTIES

1. (a) Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1(a) and therefore deny same.

(b) Admitted on information and belief.

(c) Defendants admit only that Scott was employed by the City of Pearl as a police officer at the time of the subject incident and was acting within the course and scope of his employment. However, he was not involved in the subject incident. Otherwise, denied.

(d) Defendants admit only that Stovall was employed by the City of Pearl as a police officer at the time of the subject incident and acting within the course and scope of his employment with respect to the subject incident. Otherwise, denied.

(e) Defendants admit only that Greene was employed by the City of Pearl as a police officer at the time of the subject incident and acting within the course and scope of his employment with respect to the subject incident. Otherwise, denied.

(f) Defendant denies the allegations contained in paragraph 1(f) of the Complaint for lack of sufficient information and as stating legal conclusions.

(g) Defendant denies the allegations contained in paragraph 1(g) of the Complaint as stating legal conclusions.

## JURISDICTION

2. Defendant denies the allegations contained in paragraph 2 of the Complaint as stating legal conclusions, except to admit that this Court has jurisdiction over this matter.

## **VENUE**

3. Defendant denies the allegations contained in paragraph 3 of the Complaint as stating legal conclusions, except to admit that venue is proper in this Court.

## **FACTS**

4. Admitted.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted.

15. Denied.

16. Denied.

## **COUNT ONE**

## **VIOLATION OF 4TH AMMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 AND 28 U.S.C. § 1343 ET AL.**

17. Defendants incorporate their prior responses to paragraphs 1-16 in response to the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint as stating legal conclusions and as incomplete.

19. Denied.

20. Denied.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Denied.

## COUNT TWO

### VIOLATION 14TH AMMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 AND 28 U.S.C. § 1343 ET AL.

23. Defendants incorporate their prior responses to paragraphs 1-22 in response to the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint as stating legal conclusions and as incomplete.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT THREE

### ASSAULT

29. Defendants incorporate their prior responses to paragraphs 1-28 in response to the allegations contained in Paragraph 29 of the Complaint.

30. Denied.

## COUNT FOUR

### BATTERY

31. Defendants incorporate their prior responses to paragraphs 1-30 in response to the allegations contained in Paragraph 31 of the Complaint.

32. Denied.

## COUNT FIVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Defendants incorporates their prior responses to paragraphs 1-32 in response to the allegations contained in Paragraph 33 of the Complaint.

34. Denied.

## COUNT SIX

## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE TO MONITOR TRAIN, AND SUPERVISE

35. Defendants incorporate their prior responses to paragraphs 1-34 in response to the allegations contained in paragraph 35 of the Complaint.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## JURY DEMAND

40. The allegations contained in paragraph 40 of the Complaint do not appear to require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to a jury trial on all claims asserted in the Complaint.

## PRAYER FOR APPROPRIATE RELIEF

41. Defendants incorporate their prior responses to paragraphs 1-40 in response to the allegations contained in paragraph 41 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

In response to the unnumbered paragraph beginning "WHEREFORE, THE ABOVE BEING CONSIDERED,…" Defendants deny the allegations, including sub-paragraphs a-c. Defendants further deny that Plaintiff is entitled to any relief whatsoever.

Consistent with the answers and affirmative defenses set forth herein, Defendants request that the Complaint be dismissed, with all costs taxed to Plaintiff and an award of attorney's fees be provided to Defendants.

THIS, the 4th day of November 2024.

        Respectfully submitted,

        DEAN SCOTT, JAMES STOVALL, AND JIMMY GREENE

        BY:  /s/ Tom Julian
              OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
214 KEY DRIVE, SUITE 2000 (39110)
P.O. BOX 2483
MADISON, MS 39130
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116