IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLAMEKUS JOHNSON                                                                              PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:24-cv-380-KHJ-MTP

CITY OF PEARL, MISSISSIPPI, CHIEF DEAN SCOTT,
In His Individual and Official Capacity, OFFICER
JAMES R. STOVALL, In His Individual
Capacity, SERGEANT GREENE, In His
Individual Capacity, JOHN DOES 1-5, In Their
Individual Capacities
                                                                                                     DEFENDANTS

## FIRST AMENDED COMPLAINT
### Jury Trial Demanded

**COMES NOW** Clamekus Johnson (hereinafter "Plaintiff"), by and through his attorneys, and files this Complaint against the defendants, The City of Pearl, Mississippi, Pearl Police Chief Dean Scott, Officer James R. Stovall, Seargeant Greene (first name unknown), and John Does 1-5, and in support thereof would show the following unto the court:

### PARTIES

1. (a) Plaintiff Clamekus Johnson is an adult resident of the United States of America and the State of Mississippi. At all times material to this Complaint he resided in Rankin County, Mississippi. The infliction of the named actions on Clamekus Johnson was performed in Rankin County Mississippi.

    (b) Defendant City of Pearl, Mississippi (hereinafter "Defendant Pearl" and "Defendant City") is a Municipality organized and existing under and by virtue of the laws of the State of Mississippi. The City of Pearl is subject to suit pursuant to Miss. Code. Ann. § 11-46-5 and § 11-46-7 and may be served with process through its City Clerk, Kelly Scouten at City of Pearl, 2420 Old Brandon Road, Pearl Mississippi, 39208.

    (c) Defendant Dean Scott ("Defendant Chief") was the City of Pearl Police Chief at the time of this incident. He is sued in his individual capacity. At

Exhibit A

all times relevant herein, this Defendant was located in the City of Pearl, MS, and vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented, including those covering the use of force and seizure and search of persons encountered in the course of the officer's duties, and to provide protection to the citizens of Pearl, Mississippi and all others present in the jurisdiction, including Plaintiff Clamekus Johnson. Defendant Chief is legally responsible, along with other Defendants, for the incident referred to in this Complaint, which purposely or otherwise wrongly caused the injuries and damages sustained by Plaintiff, as alleged in this Complaint. He is an adult citizen of Rankin County, Mississippi, and can be served at 664 Spring Lake Drive, Pearl, MS 39208.

(d) Defendant James R. Stovall (hereinafter "Defendant Stovall"), is a Defendant Pearl Police Officer, who was employed by and working on behalf of the City of Pearl, MS Police Department at the time of the incident. Defendant Stovall is legally responsible, along with other Defendants, for the incident referred to in this Complaint, which purposely or otherwise wrongly caused the injuries and damages sustained by Plaintiff, as alleged in this Complaint. He is an adult citizen of Rankin County, Mississippi, and can be served with process at his place of employment, at 2561 Old Brandon Road, Pearl, MS 39208.

(e) Defendant Sergeant Greene, first name unknown, (hereinafter "Defendant Greene"), is a Defendant Pearl Police Officer, employed and working on behalf of the City of Pearl, MS, at the time of the incident. Defendant Greene is legally responsible, along with other Defendants, for the incident referred to in this Complaint, which purposely or otherwise wrongly caused the injuries and damages sustained by Plaintiff, as alleged in this Complaint. He is an adult citizen of Rankin County, Mississippi, and he may be served with process at his place of employment, at 2561 Old Brandon Road, Pearl, MS 39208.

(f) Defendants John Does 1-5 are individuals and/or entities that caused or contributed to the damages and injuries of the Plaintiff. The true names/titles and capacities of Defendants John Does Nos. 1-5 are unknown to the Plaintiff at this time. Plaintiff sues such Defendants by fictitious names and will amend this Complaint to show their true names and capacities when the same has been ascertained. Said Defendants designated as John Does 1-5 are legally responsible, along with the other Defendants, for the incident referred to in this Complaint, which purposely or otherwise wrongly caused the injuries and damages sustained by Plaintiff, as alleged in this complaint.

(g) At all times material to this Complaint, Defendants were acting under the color of law, and/or under the color of statutes, customs, ordinances, and usage of the City of Pearl, MS.

## JURISDICTION

2. The court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983 as this action arises under the Constitution and laws of the United States and includes the state law claims plead herein below for which jurisdiction is attached, including but not limited to, Mississippi Code Ann. § 11-46-11.

## VENUE

3. Venue is proper in this jurisdiction and district pursuant to 28 US.C. §§ 1391 (b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division. Additionally, the Defendants are found within the territorial limits of this judicial district and division.

## FACTS

4. On or about January 16, 2023, Officers of the Pearl Police Department were at Crestview Apartments for reasons that did not involve Plaintiff Clamekus Johnson, who is a black man.

5. Plaintiff, innocently and without context was walking back to his apartment near the area where the officers were.

6. As Plaintiff was walking to his apartment, Defendant City of Pearl's officers James R. Stovall, Seargeant Greene screamed at him and approached him demanding that he utilize a different route to get to his apartment.

7. In response, Plaintiff asked the officers, including officers James R. Stovall and Seargeant Greene, what was up and why they were bothering him, as he was simply attempting to go

back to his apartment/home.

8. After his response, the group of officers, including James R. Stovall and Seargeant Greene approached the Plaintiff along with at least five (5) City of Pearl Police Officers surrounded him at which time James R. Stovall officers threatened to "slug fuck" Plaintiff.

9. The Pearl Police Officers continued to shout slurs, including racial slurs, at the Plaintiff and James R. Stovall and Seargeant Greene walked closer to Plaintiff enclosing him in tighter causing Plaintiff to fear that he was going to be attacked and to put his hands up to protect his face.

10. When Plaintiff tried to protect his face, James R. Stovall, unprovoked, punched and grabbed Plaintiff, slammed him to the ground, subdued him, and while James Stovall continued to severely beat Plaintiff, Seargeant Green also kicked and punched Plaintiff while he was on the ground.

11. Plaintiff had not violated any law or ordinance before James R. Stovall, Seargeant Green, and the other officers attacked Plaintiff, nor did any of the Pearl Police Officers inform Plaintiff that he was being detained or under arrest before physically attacking him.

12. Plaintiff was violently attacked and savagely beaten by James R. Stovall and Seargeant Green and as a result, sustained painful, severe, and permanent injuries to his head, face, mouth, teeth, ribs, abdomen, and back.

13. James Stovall and Seargeant Green's beating of Plaintiff as shown in Defendants' bodycam footage [See Officer's Greene, Morgan, and Palmer's body cam video footage] was unreasonable and excessive, as Plaintiff did not violate any law, took no threatening action towards or against the officers, was not attempting to evade arrest.

14. At all relevant times, the actions involved in this case are the result of official policy of Defendant City of Pearl to use excessive force. Said policy is shown by the occurrence of the following incidents:

    1. Pearl Police Officer Ryan D. Edwards slapped Rickey Groves, II on April 15, 2021. Immediately prior to doing so Officer Edwards told another Officer "watch me slap this mother******."
    2. Pearl Police Officer Jonathon Welker and Jacob Lang assaulted Jimmy Anthony on April 29 or 30th, 2022, for which they were found liable on April 25, 2025. During this incident Lang forcefully struck Mr. Anthony's head against a brick wall for no justifiable reason and Welker took Anthony into a bathroom and repeatedly punched him in the chest with a closed fist.
    3. Michael Christian Green, while on duty a certified law enforcement officer with the City of Pear Police Department forced an arrestee to lick urine from the floor of a holding cell.
    4. In February of 2024, Pearl Police Officers assaulted, tased, and beat Keith Penton

15. Defendant City of Pearl has promoted this pattern of practice by neither punishing the involved officers nor terminating any of the involved officers.

16. Defendant City of Pearl has not implemented any policies that prioritize accountability, transparency, training, and community engagement, Further, the City of Pearl has not ever trained its officer on proper use of force.

17. Defendant City of Pearl has not trained its Officer employees as to the use of excessive force, as evidenced by the continued incidents of excessive force being performed by its officers.

18. Because of the City of Pearl's lack of training as to excessive force, Plaintiff Mr. Johnson was brutally beaten herein.

19. At all relevant times, the Defendants, other than the City of Pearl, MS, were acting as employees of the City of Pearl, MS.

20. Defendant Chief was aware or should have been aware of the culture of violence and racism in the City of Pearl Police Department.

21. In performing the above actions, the Defendants breached their duties to provide safety to the citizens of Pearl, MS, and committed gross negligence and excessive force against the Plaintiff, violating Plaintiff's civil rights and causing him to sustain significant injuries and damages.

## COUNT ONE

### *VIOLATION OF 4TH AMMENDMENT RIGHTS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.*

22. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the preceding paragraphs.

23. At all times relevant herein, Plaintiff had a Fourth Amendment right to be free from the use of excessive force by enforcement officers.

24. Plaintiff would show unto the court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his 4th Amendment rights, for reasons including but not limited to Plaintiff being a black man.

25. Defendant Chief failed to train and supervise the City of Pearl Police Officers as to, and/or created a culture of violence and racism that led directly to the excessive use of force upon the Plaintiff.

26. Defendant Chief's failure to train or supervise, as evidenced by the repeated events of the City of Pearl's Officers utilizing excessive force and the City of Pearl not taking any action to train or correct the actions shows deliberate indifference as to the City of Pearl Police Department.

27. Under 42 U.S.C. § 1983, and 28 U.S.C. §1343 Americans can pursue claims against governmental entities for violations of said rights.

28. Plaintiff suffered extensive damages as a result of the aforementioned conduct as stated herein that resulted in the Plaintiff's injuries.

## COUNT TWO

### *VIOLATION 14TH AMENDMENT RIGHTS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.*

29. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the preceding paragraphs.

30. At all times relevant herein, Plaintiff had a 14th Amendment right to be free from the deprivation of his right to life, liberty, or property, without due process of law and the right to equal protection of the laws.

31. Plaintiff would show unto the court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his 14th Amendment rights, for reasons including but not limited to Plaintiff being a black man.

32. Defendant Chief failed to train and supervise the City of Pearl Police Officers as to, and/or created a culture of violence and racism that led directly to the excessive use of force upon the Plaintiff.

33. Defendant Chief's failure to train or supervise, as evidenced by the repeated events of the City of Pearl's Officers utilizing excessive force and the City of Pearl not taking any action to train or correct the actions shows deliberate indifference as to the City of Pearl Police Department.

34. Under 42 U.S.C. § 1983, and 28 U.S.C. §1343 Americans can pursue claims against governmental entities for violations of said rights.

35. Plaintiff suffered extensive damages as a result of aforementioned conduct as stated herein that resulted in the Plaintiff's injuries.

## JURY DEMAND

36. Plaintiff demands a trial by jury on all issues so triable herein.

## PRAYER FOR APPROPRIATE RELIEF

37. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the preceding paragraphs.

38. As a result of the intentional, and/or reckless disregard acts of Defendants named herein, Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

39. Defendants are jointly and severally liable to Plaintiff for the following damages: past, present, and future physical pain, including suffering, mental anguish, emotional anguish, and all other damages to be proved at trial.

40. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent/and or intentional acts enumerated herein and, in an amount, to be determined by this Court.

41. The acts of Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE**, THE ABOVE BEING CONSIDERED, Plaintiff respectfully prays:

a. That the Plaintiff be awarded judgment rendered in favor of the Plaintiff and against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding on all caused of action, including economic and non-economic damages, asserted herein in an amount to be determined by a jury under applicable law.

b. That the Plaintiff be awarded a final amount being an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

c. That the Plaintiff receive any other further relief to which he is entitled.

THIS, the 15th day of August 2025.

RESPECTFULLY SUBMITTED,

        CLAMEKUS JOHNSON, PLAINTIFF

     BY: /s/Kevin B. Bass

KEVIN BASS (MSB# 103968)
MARCUS WILLIAMS (MSB# 104871)
WILLIAMS & BASS, PLLC
POST OFFICE BOX 12889
JACKSON, MISSISSIPPI 39236
TELEPHONE: (601) 398-2266
FACSIMILE: (601) 351-5496
EMAIL: KBASS@WILLIAMSBASS.COM
   MWILLIAMS@WILLIAMSBASS.COM

ATTORNEYS FOR PLAINTIFF