IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLAMEKUS JOHNSON                                                                PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:24-cv-380-KHJ-MTP

CITY OF PEARL, MISSISSIPPI, CHIEF DEAN SCOTT,
In His Individual and Official Capacity, OFFICER
JAMES R. STOVALL, In His Individual and
Official Capacity, SERGEANT GREENE, In His
Individual and Official Capacity, JOHN DOES 1-5, In Their
Individual and Official Capacities
                                                                                DEFENDANTS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT CITY OF PEARL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND [DOC. 35]**

**COMES NOW** Clamekus Johnson (hereinafter "Plaintiff"), by and through his attorneys, and files this his Memorandum in Support of his Reply to Defendant City of Pearl's Response in Opposition to Plaintiff's Motion to Amend [Doc. 35].

## I.  TIMELINESS

Plaintiff's Counsel, in Plaintiff's Reply [Doc. 39] does not deny filing the Request to Amend one day after the imposed deadline. Plaintiff's Counsel has informed the Court of the inadvertent scheduling error that caused the late filing. Regarding Defendant City of Pearl's request a one day error by Plaintiff's attorney where the Defendant is not prejudiced is excusable neglect. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court's leading precedent interpreting "excusable neglect"), Courts are directed to courts to consider all relevant circumstances, including (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the

delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Further, *in Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530 (6th Circuit. 1996) in applying Pioner above, the Court held the a one-day delay caused by an attorney's clerical error constituted excusable neglect where prejudice was minimal… In line with Thompson, we submit that Plaintiff's Counsel's delay herein constitutes excusable neglect.

## II. THE REQUESTED AMENDED COMPLAINT IS NOT FUTILE

As shown in Plaintiff's Motion, the City of Pearl has a pattern of violence against people such as Plaintiff herein. The Plaintiff outlined numerous, specific, and similar prior incidents. The incidents outlined establish a pattern of violence by the City of Pearl Police Department. The violation in question here is excessive force, which each act referenced by Plaintiff qualifies as. The City's officers slapped one person, forced another person to lick his own urine, and in the other instances the Officers beat up persons during the course of arrest. Defendant City of Pearl attempts to differentiate the events by minute facts. The consideration here, according to the precedent is if the City of Pearl Police Officers have a pattern of excessive force, and Plaintiff has demonstrated this to the Court. In addition,

Plaintiff incorporates the arguments articulation in Plaintiff's Motion for Leave [Doc. 34.] Memorandum of Arguments and Authorities [Doc. 34].

For the reasons provided, Plaintiff requests that this Honorable Court grant the relief requested in Plaintiff's Motion for Leave and enter an order granting Plaintiff Motion for Leave to Amend.

RESPECTFULLY SUBMITTED,

CLAMEKUS JOHNSON, PLAINTIFF

BY: /s/Kevin B. Bass

KEVIN BASS (MSB# 103968)
MARCUS WILLIAMS (MSB# 104871)
WILLIAMS & BASS, PLLC
POST OFFICE BOX 12889
JACKSON, MISSISSIPPI 39236
TELEPHONE: (601) 398-2266
FACSIMILE: (601) 351-5496
EMAIL: KBASS@WILLIAMSBASS.COM
       MWILLIAMS@WILLIAMSBASS.COM

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on September 19, 2025, I electronically filed Plaintiff's reply herein with the Clerk of the Court by use of the CM/ECF filing system, which sent notification of such filing to all Counsel of record, including Mallory K. Bland.

/s/*Kevin B. Bass*
Kevin B. Bass