IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CLAMEKUS JOHNSON**                                                                                          **PLAINTIFF**

VS.                                                                                  CIVIL ACTION NO. 3:24-cv-380-KHJ-MTP

CITY OF PEARL, MISSISSIPPI, CHIEF DEAN SCOTT,
In His Individual and Official Capacity, OFFICER
JAMES R. STOVALL, In His Individual and
Official Capacity, SERGEANT GREENE, In His
Individual and Official Capacity, JOHN DOES 1-5, In Their
Individual and Official Capacities
                                                                                                                          **DEFENDANTS**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS DEAN SCOTT, JAMES STOVALL, AND JIMMY GREENE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND [DOC. 36]

**COMES NOW** Clamekus Johnson (hereinafter "Plaintiff"), by and through his attorneys, and files this his Memorandum in Support of his Reply to Defendant City of Pearl's Response in Opposition to Plaintiff's Motion to Amend [Doc. 35].

### I.   TIMELINESS

Plaintiff's Counsel, in Plaintiff's Reply [Doc. 39] does not deny filing the Request to Amend one day after the imposed deadline. Plaintiff's Counsel has informed the Court of the inadvertent scheduling error that caused the late filing. Regarding Defendant City of Pearl's request a one day error by Plaintiff's attorney where the Defendant is not prejudiced is excusable neglect. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court's leading precedent interpreting "excusable neglect"), Courts are directed to courts to consider all relevant circumstances, including (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the

delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Further, *in Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530 (6th Circuit. 1996) in applying Pioner above, the Court held the a one-day delay caused by an attorney's clerical error constituted excusable neglect where prejudice was minimal… In line with Thompson, we submit that Plaintiff's Counsel's delay herein constitutes excusable neglect.

## II.   THE REQUESTED AMENDED COMPLAINT IS NOT FUTILE

As to Defendant Scott, Plaintiff has sufficiently pled Scott's involvement with the excessive force Against Plaintiff. Plaintiff has not been able to conduct discovery to determine every detail of Defendant Scott's involvement at this juncture of Plaintiff's case. Plaintiff alleged that Scott, who was the leader and superior to the Officer's involved participated in the failure of implementing policies and procedures that would ensure Persons such as the Plaintiff herein did not suffer from excessive force. As to Defendant Geen and Defendant Stovall, those two Officers are the only officers named in the discovery related to the charges against Plaintiff herein.

The videos clearly show several officers surrounding Plaintiff and then beating plaintiff up, kicking and punching him. Plaintiff's Counsel has not been able to obtain the names of all the Officer involved, because the discovery has not been conducted.

It is a true miscarriage of justice for the Defendants, who are the only officers named in the paperwork related to the incident where Mr. Johnson was clearly beat up, to simple say, "look at the video, it was not me," this is "all I did." Stovall and Green were clearly at the incident when our client was beaten and did not stop any officers from beating Plaintiff Johnson. Stovall, as alleged did not shove Plaintiff's hand away, as Plaintiff did not raise his fist in Stovall's direction. Plaintiff raised his fist because he saw numerous officers about to attack him, which they did. Stovall punched the Plaintiff, with his fist, as the video shows.

Plaintiff incorporated his argument is the previously filed Motion to Amend.

For the reasons provided, Plaintiff requests that this Honorable Court grant the relief requested in Plaintiff's Motion for Leave and enter an order granting Plaintiff Motion for Leave to Amend.

                                                RESPECTFULLY SUBMITTED,

                                                CLAMEKUS JOHNSON, PLAINTIFF

                                      BY: /s/Kevin B. Bass

KEVIN BASS (MSB# 103968)
MARCUS WILLIAMS (MSB# 104871)
WILLIAMS & BASS, PLLC
POST OFFICE BOX 12889
JACKSON, MISSISSIPPI 39236
TELEPHONE: (601) 398-2266
FACSIMILE: (601) 351-5496
EMAIL: KBASS@WILLIAMSBASS.COM
        MWILLIAMS@WILLIAMSBASS.COM

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on September 19, 2025, I electronically filed Plaintiff's reply herein with the Clerk of the Court by use of the CM/ECF filing system, which sent notification of such filing to all Counsel of record, including Tom Julian.

                                                */s/Kevin B. Bass*
                                                Kevin B. Bass